AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

Shea Curran
*Plaintiff*
v.
Tokensoft, Inc., et. al.
*Defendant*

Civil Action No. 1:22-cv-02650-CNS-NRN

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Slack Technologies, LLC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Email: tmitchiner@mitchinerlawllc.com<br>Mail: 1240 S. Parker Rd. Suite 103, Denver, CO 80231 | Date and Time:<br>12/20/2023 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/06/2023

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

/s/ Thomas H. Mitchiner
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __________ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

Civil Action No. 1:22-cv-02650-CNS-NRN

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Exhibit A**

**Definitions:**

1. “Communication” means any oral, verbal, typed, electronically transmitted or handwritten communication and includes, without limitation, any face to face, telephone, or video conference conversations, facsimile, letter, telegram, memoranda, voicemail, voice message, electronic mail, text message, Slack message or post, and any other method or means of exchanging information.

2. “Document” means a writing, print, graph, diagram, recording or photograph, and includes the original or a copy of handwriting, typewriting, printing, photographic matter, sound reproductions, computer files, tapes, inputs or outputs, however produced or reproduced, including drafts and non-identical copies thereof. Non-identical copies refer to reproductions, however made, of the original document which differ in from the original, such as through notations, markings, comments or other matter not appearing in/on the original.

3. “Electronically Stored Information” means any document, communication, or any other date or information present or stored on or in any computer, internal or external hard drive, jump drive, diskette, compact disc, server, database, or any other device capable of storing electronic files or information.

4. “Slack,” “you” and “your” shall refer to Slack Technologies, LLC, as well as any of its agents, employees, members, managers, officers, directors, including but not limited to any attorneys, accountants, agents, business consultants or advisors.

5. “Tokensoft, Inc.” shall refer to Tokensoft, Inc. with the Slack Workplace URL of tokensoft.slack.com, and any other person acting on its behalf, as well as any of its agents, employees, members, managers, officers, directors, including but not limited to any attorneys, accountants, agents, business consultants or advisors.

6. “Direct Message(s)” shall mean smaller conversations in Slack that happen outside of channels.

7. “Retention setting(s),” “Retention policy” or “Retention Schedule” means a document that identifies and describes an organization’s records, usually at the series level, and provides instructions for the disposition of records throughout their life cycle.

8. “Person” includes a natural Person, firm, association, organization, partnership, corporation, company, business trust and any agents, employees, members, managers, officers, directors, including but not limited to any attorneys, accountants, agents, business consultants or advisors acting on its/his/her/their behalf.

9. Relevant Period shall mean August 25, 2020, to present.

10. The plural shall include the singular, and the singular shall include the plural in all instances.

11. For terms not defined, you are to exercise reason and common sense to attribute the ordinary definitions to the terms.

**<u>Document Requests</u>**

1. All documents showing Tokensoft's Retention Schedules.

2. All documents that reflect a change in Tokensoft's Retention Schedules and when such change was made.

3. The existence of Direct Messages between Mason Borda and Lucas Kozinski between January 1, 2022, and February 15, 2022.

4. All editing and deletion logs for Tokensoft for messages sent between January 1, 2022, and February 15, 2022, regardless of when the message was deleted or edited.

5. All Direct Messages in which Shea Curran was the originator, an addressee, or an intended recipient from August 25, 2020, through February 28, 2022. See Consent for Attached as Exhibit B.

6. All messages in tokensoft.slack.com Channels in which Shea Curran was the originator, an addressee, or an intended recipient from August 25, 2020, through February 28, 2022. See Consent for Attached as Exhibit B.

**EXHIBIT B**

**CONSENT PURSUANT TO THE STORED COMMUNICATIONS ACT**
**18 U.S.C. 2702(b)(3)**

This consent form is intended to comply with the provisions of the Stored Communications Act, 18 U.S.C. 2702(b)(3) [SCA].

I, Shea Curran, am the person who had the username shea@tokensoft.io within the Workspace of tokensoft.slack.com. I consent to Slack Technologies, LLC providing all communications to or from myself, Shea Curran, in any channel within the tokensoft.slack.com Workspace, whether private or public, and all Direct Messages to or from Shea Curran from August 25, 2020, through February 28, 2022, to Thomas H. Mitchiner of Mitchiner Law, LLC.

[signature] Dec 5, 2023

Shea Curran Date

# 2023.12.05 Curran SCA Release

Final Audit Report 2023-12-05

| | |
|---|---|
| Created: | 2023-12-05 |
| By: | Thomas Mitchiner (tmitchiner@mitchinerlawllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7p9pyILiOe7eCmXZbPZ[illegible]582FyG800lJk |

## "2023.12.05 Curran SCA Release" History

- Document created by Thomas Mitchiner (tmitchiner@mitchinerlawllc.com)
  2023-12-05 - 7:55:07 PM GMT- IP address: 75.166.181.189

- Document emailed to Shea Curran (sheacurran10@gmail.com) for signature
  2023-12-05 - 7:55:30 PM GMT

- Email viewed by Shea Curran (sheacurran10@gmail.com)
  2023-12-05 - 8:45:19 PM GMT- IP address: 74.125.215.226

- Document e-signed by Shea Curran (sheacurran10@gmail.com)
  Signature Date: 2023-12-05 - 8:45:45 PM GMT - Time Source: server- IP address: 172.59.231.121

- Agreement completed.
  2023-12-05 - 8:45:45 PM GMT