**December 19, 2023**

**VIA EMAIL ONLY**

**Thomas Mitchiner**
**1240 S. Parker Rd. Suite 103**
**Denver, CO 80231**
**tmitchiner@mitchinerlawllc.com**

**Re: Subpoena to Nonparty Slack in Curran v. Tokensoft Civil Action No. 1:22-cv-02650-CNS-NRN**

Dear Mr. Mitchiner,

I write regarding the subpoena dated December 6, 2023 in the above-referenced matter served by you on Slack, Inc. ("Slack"), received by us on December 6, 2023.

Pursuant to the Federal Rules of Civil Procedure, the following are Slack's objections and responses to the subpoena.

## GENERAL OBJECTIONS

Slack makes the following objections to the subpoena. Each of these objections is incorporated into and made a part of Slack's response to each and every request set forth in the subpoena. Slack's objections have special force because they are advanced by a non-party.

1. Slack objects to this subpoena as the Discovery Deadline of November 20, 2023 has passed.

2. Slack objects to the subpoena to the extent it seeks to expand, alter, or modify improperly the scope of permissible discovery under the Rules.

3. Slack objects to the subpoena to the extent that it seeks to require non-party Slack to produce documents that are at least equally available to the parties. As a result, the subpoena may impose an undue burden or expense on non-party Slack in violation of the Rules

4. Slack objects to the subpoena to the extent that it seeks documents and testimony protected by the attorney-client privilege or work-product rule.

5. Slack objects to the subpoena to the extent the requests are overbroad and possibly burdensome.

**EXHIBIT 4**

6. Slack objects to the subpoena on the grounds that the requests are vague and ambiguous.

7. Slack objects to the subpoena to the extent that it purports to seek documents outside the possession, custody, or control of Slack.

8. Slack objects to the subpoena to the extent that records may be more directly and easily obtainable from the Customer.

9. Slack objects to the subpoena to the extent producing the requested material may subject Slack to liability under the Stored Communications Act (18 U.S.C. § 2701 et seq.; "SCA").

## SPECIFIC OBJECTIONS TO THE DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents showing Tokensoft's Retention Schedules.

**RESPONSE TO REQUEST NO. 1:**

Slack incorporates each of its General Objections into its response to this Request No. 1.

Slack further objects to this request as the requested information should be properly obtained from the workspace owner in the above-referenced litigation and may be obtained without requiring production of documents from non-party Slack. Slack does not have any data available that would not already be producible by the workspace owner, therefore any data produced would be replicative of any data obtained through them.

Slack also objects to this request to the extent that it is ambiguous. Slack has a variety of retention and deletion settings and selections. We are unsure what the phrase "retention schedules" refers to within that context.

Slack also objects because Slack does not maintain a definitive and comprehensive Customer retention or deletion setting history. Slack cannot produce nor do we have anything that would show the actual retention protocols of the DMs, channels and/or workspace at a given moment.

Based on the foregoing, Slack will not be producing documents in response to Request No. 1.

**REQUEST NO. 2**

All documents that reflect a change in Tokensoft's Retention Schedules and when such change was made.

**RESPONSE TO REQUEST NO. 2**

Slack incorporates each of its General Objections into its response to this Request No. 2.

Slack further objects to this request as the requested information should be properly obtained from the workspace owner in the above-referenced litigation and may be obtained without requiring production of documents from non-party Slack. Slack does not have any data available that would not already be producible by the workspace owner, therefore any data produced would be replicative of any data obtained through them.

Slack also objects to this request to the extent that it is ambiguous. Slack has a variety of retention and deletion settings and selections. We are unsure what the phrase "retention schedules" refers to within that context.

Slack also objects because Slack does not maintain a definitive and comprehensive Customer retention or deletion setting history. Slack cannot produce nor do we have anything that would show the actual retention protocols of the DMs, channels and/or workspace at a given moment.

Based on the foregoing, Slack will not be producing documents in response to Request No. 2.

**REQUEST NO. 3**

The existence of Direct Messages between Mason Borda and Lucas Kozinski between January 1, 2022, and February 15, 2022.

**RESPONSE TO REQUEST NO. 3**

Slack incorporates each of its General Objections into its response to this Request No. 3.

Slack further objects to the subpoena to the extent producing the requested material may subject Slack to liability under the Stored Communications Act. As a service provider that provides "electronic communications services" (an "ECS") and "remote computing services" (an "RCS"), the customer records that are stored in Slack's systems are subject to the SCA. 18 U.S.C. § 2702(a). Under the SCA, an ECS or RCS "shall not

knowingly divulge to any person or entity the contents" of electronic communications." 18 U.S.C. § 2702(a)(1), § 2702(a)(2).

Slack also objects to this request to the extent that it is not relevant or proportional to the needs of the case and subjects Slack to undue burden and unnecessary expense, seeking discovery that is unreasonably cumulative and duplicative, and imposing on Slack burden and expense that outweigh the likely benefit of the requested discovery.

Slack also objects because the requested documents should be properly obtained from the workspace owner in the above-referenced litigation and may be obtained without requiring production of documents from non-party Slack. Slack does not have any data available to it that would not already be producible by the workspace owner, therefore any data produced would be replicative of any data obtained through them.

Based on the foregoing, Slack will not be producing documents in response to Request No. 3.

**REQUEST NO. 4**

All editing and deletion logs for Tokensoft for messages sent between January 1, 2022, and February 15, 2022, regardless of when the message was deleted or edited.

**RESPONSE TO REQUEST NO. 4**

Slack incorporates each of its General Objections into its response to this Request No. 4.

Slack further objects to the subpoena to the extent producing the requested material may subject Slack to liability under the Stored Communications Act. As a service provider that provides "electronic communications services" (an "ECS") and "remote computing services" (an "RCS"), the customer records that are stored in Slack's systems are subject to the SCA. 18 U.S.C. § 2702(a). Under the SCA, an ECS or RCS "shall not knowingly divulge to any person or entity the contents" of electronic communications." 18 U.S.C. § 2702(a)(1), § 2702(a)(2).

Slack also objects to this request to the extent that it is not relevant or proportional to the needs of the case and subjects Slack to undue burden and unnecessary expense, seeking discovery that is unreasonably cumulative and duplicative, and imposing on Slack burden and expense that outweigh the likely benefit of the requested discovery.

Slack also objects to this request as the requested information should be properly obtained from the workspace owner in the above-referenced litigation and may be obtained without requiring production of documents from non-party Slack. Slack does not

have any deletion records that would not already be producible by the workspace owner, therefore any data produced would be replicative of any data obtained through them.

Based on the foregoing, Slack will not be producing documents in response to Request No. 4.

**REQUEST NO. 5**

All Direct Messages in which Shea Curran was the originator, an addressee, or an intended recipient from August 25, 2020, through February 28, 2022.

**RESPONSE TO REQUEST NO. 5**

Slack incorporates each of its General Objections into its response to this Request No. 5.

Slack further objects to the subpoena to the extent producing the requested material may subject Slack to liability under the Stored Communications Act. As a service provider that provides "electronic communications services" (an "ECS") and "remote computing services" (an "RCS"), the customer records that are stored in Slack's systems are subject to the SCA. 18 U.S.C. § 2702(a). Under the SCA, an ECS or RCS "shall not knowingly divulge to any person or entity the contents" of electronic communications." 18 U.S.C. § 2702(a)(1), § 2702(a)(2). This account and the associated workspace was established and is owned by the "tokensoft.io" domain. Accordingly, only tokensoft.io can give consent for this material. Please see the Slack Main Services Agreement and "Who is the Customer" for more information.

Slack also objects to this request to the extent that it is not relevant or proportional to the needs of the case and subjects Slack to undue burden and unnecessary expense, seeking discovery that is unreasonably cumulative and duplicative, and imposing on Slack burden and expense that outweigh the likely benefit of the requested discovery.

Slack also objects to this request as the requested information should be properly obtained from the workspace owner in the above-referenced litigation and may be obtained without requiring production of documents from non-party Slack. Slack does not have any deletion records that would not already be producible by the workspace owner, therefore any data produced would be replicative of any data obtained through them.

Based on the foregoing, Slack will not be producing documents in response to Request No. 5.

**REQUEST NO. 6**

All messages in tokensoft.slack.com Channels in which Shea Curran was the

originator, an addressee, or an intended recipient from August 25, 2020, through February 28, 2022.

**RESPONSE TO REQUEST NO. 6**

Slack incorporates each of its General Objections into its response to this Request No. 6.

Slack further objects to the subpoena to the extent producing the requested material may subject Slack to liability under the Stored Communications Act. As a service provider that provides “electronic communications services” (an “ECS”) and “remote computing services” (an “RCS”), the customer records that are stored in Slack’s systems are subject to the SCA. 18 U.S.C. § 2702(a). Under the SCA, an ECS or RCS “shall not knowingly divulge to any person or entity the contents” of electronic communications.” 18 U.S.C. § 2702(a)(1), § 2702(a)(2). This account and the associated workspace was established and is owned by the “tokensoft.io” domain. Accordingly, only tokensoft.io can give consent for this material. Please see the Slack Main Services Agreement and “Who is the Customer” for more information.

Slack also objects to this request to the extent that it is not relevant or proportional to the needs of the case and subjects Slack to undue burden and unnecessary expense, seeking discovery that is unreasonably cumulative and duplicative, and imposing on Slack burden and expense that outweigh the likely benefit of the requested discovery.

Slack also objects to this request as the requested information should be properly obtained from the workspace owner in the above-referenced litigation and may be obtained without requiring production of documents from non-party Slack. Slack does not have any deletion records that would not already be producible by the workspace owner, therefore any data produced would be replicative of any data obtained through them.

Based on the foregoing, Slack will not be producing documents in response to Request No. 6.

By this correspondence, Slack does not intend to waive any other applicable objections, and reserves the right to supplement these objections and responses as additional information becomes available.

For the reasons explained above, Slack objects to your request for production. We are available and happy to meet and confer about the Subpoena at a time that is mutually convenient.

Sincerely,

/s/ Sarah Gilmer Herr
Senior Corporate Counsel
Litigation
Slack Inc.
salesforce.com, inc.
sherr@salesforce.com